## Foulke's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Roland R. Foulke,* for petitioner.

LADNER, J., June 23, 1944.—This is a petition praying for a decree authorizing an apportionment of proceeds received by a trustee from the sale of real estate. Petitioner and his sister are life tenants under two trusts set up out of the residuary estate of decedent. The petition avers that a parcel of decedent's real estate, consisting of a dwelling house and 5.42 acres of ground, has been sold by the trustees. In certain years specified in the petition the rents received were less than the carrying charges, and the deficits have been advanced by the life tenants. Petitioner prays for a decree authorizing his trustees to pay over to the life tenants a share of the proceeds of the real estate in accordance with an apportionment set forth in the petition. The requested apportionment, in substance, restores to the life tenants the deficits advanced by them with interest and a further sum equivalent to three percent per annum on the selling price of the property.

The corporate trustee certifies that it has no objection to the order being made, but the cotrustee (petitioner's sister) reserves the right to make objections to be raised by her counsel. There are unascertained

remainder interests not represented. Without expressing any views upon the right to an apportionment out of principal under the facts set forth in the petition, or on the suggested manner of apportionment, we must refuse this petition for the reason that ex parte orders ought not be made where all parties in interest have not joined. Nor do we regard this procedure as a proper practice. In our opinion, the most satisfactory way to bring before the court the question sought to be raised is the time-honored, well-tried method of filing an account and having the question passed upon in the first instance by an auditing judge in the light of all the circumstances and testimony developed at the audit. At such an audit proper representation of any minor or unascertained interests would be provided.

It may be that under some conceivable or special circumstances not here present the question might be raised by a petition for citation to show cause, as intimated by the Supreme Court in Levy's Estate, 333 Pa. 440, 443, a case in which the real estate sold was unimproved land and wholly unproductive, but we do not approve such procedure for several reasons, among which are issues of fact raised by answer and replication which would need to be referred to a master, a procedure not as expeditious as an audit. Moreover, approval of such procedure as a general practice would no doubt lead to petitions being filed as each piece of real estate is sold, with the likelihood of their running into thousands, thereby seriously disrupting the business of this court. The petition is refused.